The opinion of the Court was delivered by
Whitner, J.
This appeal seeks to avoid an order made on circuit, setting aside these proceedings in domestic attachment. ■ The Act of Assembly of 1839, “ Concerning the office and duties of magistrates,” (11 Stat. 19, sec. 18,) “conferring jurisdiction on these officers to grant attachments in certain, *386 cases, contains a proviso, “ that before granting any attachments as herein authorized, every magistrate shall take bond with surety, of the party plaintiff or his .agent, in double the sum to be attached, payable to the defendant,” &c., with condition set forth.
The bond on file in these cases is the' bond of one William Ford and without any surety.
It has never been doubted, that attachment issued without any bond being taken, may be set aside, and it is equally manifest that the bond must conform to the requisites of the statute. -It is not necessary to consider the question, whether this may be regarded as the bond of the “party plaintiff or his agent,” as the objection that it is without surety is fatal.
The Court is not authorized to institute an inquiry as to the responsibility of the obligor, neither has the law conferred on the magistrate a discretion to dispense with this requirement.
It is rather matter of regret that a similar provision has not been made in cases of foreign attachment in the higher jurisdiction, whereby a remedy might be had against irresponsible plaintiffs, who sometimes greatly abuse this stringent proceeding.
The matter suggested in the second ground of appeal was not brought to view on circuit. It need not now be considered, as we are assured the appearance was entered after the order was made. Why this was done, when the proceeding was ended, does not appear, nor perhaps would it be useful to inquire. If any thing is thought to have been gained thereby, it will be better determined when it may be proposed to follow it up. The motion of appellant is dismissed in each case.
O’Neall, Wardlaw, Withers, Glover and Munro, JJ., concurred.

Motion dismissed.